```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION
```

IN RE:

KIMBERLY BANDURA

                                                  CASE NO. 08-50378

DEBTOR


## MEMORANDUM OPINION AND ORDER

This matter having come before the Court on a confirmation hearing held on July 3, 2008, and the Court having taken the matter under submission, the Court hereby issues this order.

This matter is submitted to the Court on whether negative equity constitutes a purchase money obligation. If it does not, the Debtor's Chapter 13 plan may be confirmed over the objection of creditor Wells Fargo Financial.

FACTS. The facts are not in dispute. On November 30, 2006, Debtor purchased a 2007 Jeep Wrangler pursuant to the terms of an installment sales contract. The contract was subsequently assigned to Wells Fargo, and Wells Fargo is now the sole owner and holder of the contract. In order to acquire the vehicle, Debtor financed $34,606.27. Debtor traded in her 2004 Ford Expedition, and a loan to USAA Federal Savings was paid in the sum of $26,581.89. The total "sticker" price of the vehicle was $24,415.00.

On February 20, 2008, Debtor filed a Chapter 13 petition; less than 910 days after the Debtor purchased the vehicle. As of the petition date, the net payoff due and owing to Wells Fargo under the contract was $33,387.19 at 19.7% interest.

Debtor's proposed Chapter 13 plan acknowledges the full amount

owing to Wells Fargo under the contract, but proposes to "strip down" Wells Fargo's secured claim for the vehicle to $21,000.00, $12,387.19 less than the total balance of Wells Fargo's claim. Wells Fargo has objected to such treatment pursuant to 11 U.S.C. § 1325(a).

CONCLUSIONS OF LAW. "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1). "section 506 shall not apply to a claim . . . if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing." 11 U.S.C. § 1325(a)(9).

Here, the debt was incurred within 910 days preceding the filing of the Chapter 13 petition, and the collateral is a motor vehicle that was purchased for personal use. Thus, the issue is whether Wells Fargo has a purchase money security interest securing the debt, which includes the financing of negative equity.

Wells Fargo asks this Court to adopt a finding that negative equity constitutes part of the purchase money security interest. Wells Fargo cites GMAC v. Peaslee, 373 B.R. 252, 262 (W.D.N.Y. 2007); In re

Schwalm, 2008 WL 162933 (Bankr. M.D. Fla.); In re Burt, 378 B.R. 352 (Bankr. D. Utah 2007); and Graupner v. Nuvell Credit Corp., 2007 WL 1858291 (M.D. Ga.) as authority.

Debtor asks this Court to adopt a finding that negative equity does not constitute part of the purchase money security interest. Debtor cites In re Look, 2008 WL 618926 (Bankr. D. Me.); In re Mitchell, 379 B.R. 131 (Bankr. M.D. Tenn. 2007); In re Sanders, 377 B.R. 836 (Bankr. W.D. Tex. 2007); In re Acaya, 369 B.R. 564 (Bankr. N.D. Cal. 2007); In re Bray, 365 B.R. 850 (Bankr. W.D. Tenn. 2007); In re Westfall, 365 B.R. 755 (Bankr. N.D. Ohio 2007); and In re Price, 363 B.R. 734 (Bankr. E.D.N.C. 2007) as authority.

This Court adopts the reasoning of Bankruptcy Judge Russ Kendig in In re Westfall, 365 B.R. 755 (Bankr. N.D. Ohio 2007): "The court agrees that the payment of the negative equity was not legally required in order for debtors to acquire rights in the collateral. . . Although the creditors may have been unwilling to lend money on the purchase of the new vehicles barring payoff of the old loans, this is merely an accommodation which facilitates each transaction. Debtors were not required to pay off the existing loans to gain a legal interest in the vehicles. Thus, the 'value given to enable' debtors to obtain rights in the new vehicles did not include the payoff of debtors obligations on the existing car loans. On the other hand, part of the value given by creditors did enable debtor to acquire rights to new vehicles, so there is a purchase money obligation flowing from the transactions even though the full amount of the loans do not qualify as purchase money obligations." Id. at 760.

This Court holds that the financing of negative equity does not constitute a purchase money obligation. For that reason, Debtor's

Chapter 13 plan is CONFIRMED.

Copies to:

Ryan R. Atkinson, Esq.
James T. Mitchell, Esq.
Debtor
Beverly M. Burden, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joe Lee*
**Bankruptcy Judge
Dated: Tuesday, July 15, 2008
(jms)**